**STATE of Missouri, Respondent,**

v.

**John J. CAITO, Appellant.**

**No. 56104.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1990.

William R. Dorsey, Clayton, for appellant.

George R. "Buzz" Westfall, Pros. Atty., Celeste Leritz Endicott, Asst. Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Defendant appeals a conviction in a misdemeanor charge of driving while intoxicated in a bench-tried case. Defendant was sentenced to confinement in the custody of the St. Louis County Department of Justice Services for a period of 120 days. We affirm.

On June 10, 1988, defendant was arrested by St. Louis County Officer Farinella for driving while intoxicated in violation of § 577.010, RSMo 1986. Section 577.010 requires the State prove defendant operated a motor vehicle while in an intoxicated condition. Farinella first saw defendant on

the exit ramp of Highway 270 at McDonnell Boulevard. Defendant was not inside an automobile at the time. Farinella did not see defendant operate a motor vehicle.

On October 19, 1988, in response to defendant's lawyer's request, the State forwarded a copy of the police report to defendant's lawyer. This report listed two other police officers (Lowery and Vogt) as witnesses. However, Farinella was the only endorsed witness. Defendant's lawyer did not request from the State the names of persons who the State intended to call as witnesses at trial. Rule 25.03(A)(1).

The trial was held on November 29, 1988. The State called three witnesses: Farinella, Lowery and Vogt. Defendant's counsel objected to the testimony of Lowery and Vogt on the grounds those witnesses had not been endorsed. Rule 23.01(f). The trial court permitted the testimony of two unendorsed witnesses. Those two witnesses were able to provide sufficient evidence to make a case against defendant under § 577.010, RSMo 1986. The State did not anytime move to endorse those two necessary witnesses.

Defendant asserts the State did not make a case without the aid of the two unendorsed witnesses and their testimony should be stricken. Defendant proffers the words "shall be listed" in Rule 23.01(f) need be given their literal meaning. Apparently not. In *State v. Stokes*, 638 S.W.2d 715, 719 [1–3] (Mo.banc 1982), our Supreme Court held the late endorsement of a witness shall be allowed in absence the showing of prejudice, surprise or disadvantage.

The trial court's decision to allow an unendorsed witness to testify does not automatically entitle the defendant to a new trial or reversal of his conviction even though failure to endorse a witness is a technical violation of Rule 23.01(f). *State v. Lamphier*, 745 S.W.2d 166, 170 [3–5] (Mo.App.1987). Under this rule, the trial court possesses broad discretion in permitting not only the late endorsement of a witness but in permitting the testimony of an unendorsed witness as well. *Id.*

Defendant knew about the witnesses upon receipt of the police report. The first witness called by the State was one of those two unendorsed witnesses. The trial court considered the objection and ruled there was no good reason not to hear the testimony. We find no prejudice to defendant nor any abuse of the trial court's discretion. *Lamphier*, 745 S.W.2d at 170 [3–5].

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.