STATE of Missouri,
Plaintiff–Respondent,

v.

Mary VAULX, Defendant–Appellant.

No. 58006.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1991.

Application to Transfer Denied
May 3, 1991.

D. Warren Hoff, Jr., Asst. Public Defender, St. Louis, for defendant-appellant.

George Peach, Circuit Atty., Bradlee L. Blake, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals fine of $250 imposed after a jury found defendant guilty of assault third degree, a class A misdemeanor. Section 565.070 RSMo 1986.

The issues on appeal do not question submissibility of the charge. Carolyn Andres testified defendant struck her in the face with her hand and a large wrench on October 17, 1988. Both women were working together on an assembly line with at least four other women, all of whom supported Andres' testimony. Defendant testified Andres struck her one time, but she did not hit Andres either with her hand or a wrench.

Defendant seeks a new trial on three grounds:

(1) The court excluded evidence from defendant "relevant to defendant's reasonableness in using a wrench to protect herself";

(2) The court overruled an objection to closing argument of the state regarding an unavailable witness not called by defendant because the argument "attempted to shift the burden of proof"; and

(3) The court allowed a state's witness to testify where the state furnished the location of the witness to defendant too late to permit defendant sufficient time to interview or depose the witness before trial.

■ Exclusion of irrelevant evidence is not reversible error. Evidence of defendant's physical disabilities may have been relevant if defendant's theory was self-defense. *State v. Fielder*, 330 Mo. 747, 50 S.W.2d 1031, 1034 (1932). Both sides offered a self-defense instruction. The court submitted a self-defense instruction. However, that was not her defense. Defendant testified she did not strike Carolyn Andres. Hence, self-defense was not a disputed issue to be decided by the jury. Accordingly, defendant is not entitled to complain about the exclusion of evidence which would have been relevant only to support a defense which she did not adopt.

■ Defendant's second claim of error relates to an argument made by the state in its final closing argument. Dave Drag, a fellow employee of both defendant and Andres, was unavailable because his whereabouts were unknown to the state and defendant. The state acknowledged Drag's unavailability in its opening statement. Then in closing the state attempted to argue defendant "could have gotten him and brought him in." Defendant objected only on the ground the argument shifted the burden of proof. This objection is quite different than an objection that the state was not entitled to an unfavorable inference for failure of defendant to locate and call Drag as a supporting witness. On the facts, it was improper to argue an adverse inference in the absence of evidence that the witness was available and more likely to testify favorably for the defendant than the state. *See State v. Valentine*, 587 S.W.2d 859, 864 (Mo. banc 1979). However, the objection was directed only to shifting the burden of proof and the argument did not have that effect on the sole issue of whether defendant struck Carolyn Andres as charged.

■ Defendant's last claim of error contends the court should not have permitted Glenda Stoddard to testify. The court overruled defendant's motion to exclude her testimony because the state furnished defendant her address on December 19, 1989, approximately two weeks before the trial started. The motion was made when she was called as a witness. Defendant complained that after the state furnished Stoddard's address, vacations and illness prevented defendant from interviewing or deposing the witness before trial.

The purpose of criminal discovery rules is to prevent surprise and afford parties an opportunity to prepare in advance of trial. *State v. Johnson*, 524 S.W.2d 97, 101 (Mo. banc 1975). We review for abuse of discretion in refusing to impose the proper sanction for a violation of Rule 25.03 and will grant relief only where non-disclosure, in the present case late disclosure, results in fundamental unfairness. *State v. Johnson*, 615 S.W.2d 534, 542 (Mo.App.1981).

We find no abuse of discretion in allowing the witness to testify. First, her testimony was cumulative of the testimony of previous witnesses, McCoy, English and Davis. Stoddard's testimony did not contain any additions or surprises. "Late" endorsement of a witness may be upheld over objection in the absence of any showing of prejudice, surprise or disadvantage. *State v. Caito*, 783 S.W.2d 138, 139 (Mo.App.1989) (citing *State v. Stokes*, 638 S.W.2d 715, 719 (Mo. banc 1982)). We find no prejudice and no fundamental unfairness.

Second, Stoddard's address was furnished on December 19, 1989. The trial began on January 3, 1990. Defense counsel contends the address information came too late because vacations and illness of counsel and an investigator interfered with a pretrial interview. The trial court was not required to accept the explanations as a justifiable excuse for failure of the defense to interview Stoddard. There was a period of two weeks to contact the witness or seek relief from the court before trial. Moreover, defendant did not request an opportunity to interview the witness or for a continuance. *See State v. Skinner*, 734 S.W.2d 877, 886 (Mo.App.1987).

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.